UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                    :

IN RE: SUBPOENAS SERVED ON BANK    :
OF AMERICA, N.A., *et al.*,                             :                            25-MC-158 (VSB)
-                                                                                                 :
CAMSHAFT CAPITAL FUND, LP, *et al.*,   :              [Arising from Bankr. D. Del.
                                                                                                  :              Nos. 24-10140 and 24-50013]
                                             Applicants   :
                                                                                            :                             **ORDER**
                          -against-                                 :
                                                                                             :
BYJU'S ALPHA, INC.                                        :
                                                             Respondent.  :
                                                                                             :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Before me are Applicants' motion to quash various subpoenas (the "Quash Motion"), (Doc. 1), and Respondent's motion to transfer the Quash Motion to the Bankruptcy Court from which the subpoenas issued (the "Transfer Motion"), (Doc. 13).

       "Federal Rule of Civil Procedure 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending 'if the person subject to the subpoena consents or if the court finds exceptional circumstances.'" *Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting Fed. R. Civ. P. 45(f)). "The Advisory Committee's 2013 Note to Rule 45(f) suggests that '[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas' but that '[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.'" *Hilb Grp. of New York, LLC v. Associated Agencies, Inc.*, No. 23-MC-264, 2023 WL 5183690, at

*1 (S.D.N.Y. Aug. 10, 2023) (quoting Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment).

I find that transfer to the issuing court—the United States Bankruptcy Court for the District of Delaware—is appropriate.  The Bankruptcy Court recently issued a thorough opinion on Respondent's motion for partial summary judgment, (Doc. 3-1), and has overseen a contentious and complex process of discovery, including holding Applicants in contempt for refusing to comply with various discovery requests, (*see id*. at 8, 10–13 (discussing various aspects of discovery); Doc. 14 at 4–6 (detailing history of discovery in the Bankruptcy Court); Doc. 3 at 3–4 (same)).  Further, Applicants' motion for reconsideration of the partial-summary-judgment opinion is currently pending before the Bankruptcy Court.  (Doc. 14 at 4.)  The Bankruptcy Court's familiarity with the complex background of the case therefore means that it is "best-positioned to address the subpoena[s]." *Hilb Grp.*, 2023 WL 5183690, at *1 (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)).  Additionally, Applicants do not oppose transferring the Quash Motion.  (Doc. 18 at 2 n.2.)[1]  Courts have transferred motions to quash in similar circumstances, where the issuing court is most familiar with the underlying facts and has already overseen a period of discovery, and the applicant does not oppose transfer.  *See, e.g.*, *Hilb Grp.*, 2023 WL 5183690, at *1 (finding the issuing court "best positioned to adjudicate the enforcement of this subpoena" given ongoing proceedings there); *Full Circle*, 581 F. Supp. 3d at 525 (transferring case where "discovery ha[d] been ongoing" in the issuing court and the applicant did "not object to the transfer of its motion" to quash); *Drummond*, 2022 WL 445681, at *3 (transferring where the issuing court "ha[d]

---

[1] Applicants specifically state that they "are not opposed to a transfer of the [Quash] Motion to the Bankruptcy Court so long as there is a stay of the Subpoenas."  (Doc. 18 at 2 n.2.)  However, the time for compliance of at least one of the subpoenas, (Doc. 4-6), has already passed, and the Bankruptcy Court is best-positioned to handle any requests to stay compliance with the subpoenas for the same reasons it is best-positioned to adjudicate the Quash Motion.

already made discovery-related rulings" (internal quotation marks omitted)).

Accordingly, Respondents' Transfer Motion is GRANTED, and the Quash Motion is TRANSFERRED to the issuing Bankruptcy Court.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 13.

SO ORDERED.

Dated: April 30, 2025
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge